## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

EDWARD M. LEWIS,                          )
                                          )
            Petitioner,                   )
v.                                        )        Civil Action No. 08-620-GMS
                                          )
PERRY PHELPS, Warden, and                 )
JOSEPH R. BIDEN, III,                     )
Attorney General of the State             )
of Delaware,                              )
                                          )
            Respondents.                  )

---

Edward M. Lewis. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

## MEMORANDUM OPINION

Sept 29 , 2011
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 ("petition") filed by petitioner Edward M. Lewis ("Lewis"). (D.I. 2)  For the

reasons discussed, the court will deny the petition as time-barred by the one-year limitations

period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2003, the Delaware State Police arrested Lewis and his girlfriend Clarissa after

receiving a domestic dispute call. *Lewis v. State*, 869 A.2d 327 (Table), 2004 WL 3220296, at

*1 (Del. Feb. 22, 2005).  According to Clarissa, Lewis choked her after the two began fighting.

Clarissa then picked up a tire iron.  In response, Lewis struck Clarissa with a pipe.  At the scene,

police observed that Clarissa and Lewis suffered from a variety of lacerations.  *Id.*

In March 2004, a Delaware Superior Court jury convicted Lewis of aggravated menacing,

possession of a deadly weapon during the commission of a felony ("PDWDCF"), second degree

reckless endangering, third degree assault, and disorderly conduct.  (D.I. 13 at 1)  Lewis was

declared an habitual offender under Del. Code Ann. tit. 11, § 4214(a) as to the PDWDCF

conviction, and was sentenced to a total of twenty-seven (27) years, thirty (30) days of

incarceration, suspended after serving twenty (20) years for decreasing levels of probation.  *Id.*

On February 22, 2005, the Delaware Supreme Court affirmed Lewis' convictions and sentences

on direct appeal. *Lewis,* 2004 WL 3220296, at *2 (Del. Feb. 22, 2005).

On December 11, 2006, Lewis filed a motion for state post-conviction relief pursuant to

Delaware Superior Court Rule 61 ("Rule 61 motion").  On September 28, 2007, the Superior

Court adopted the Superior Court Commissioner's Report and Recommendation that Lewis'

1

ineffective assistance of counsel claims were meritless and his conflict of interest claim was barred by Rule 61(i)(3), and denied Lewis' Rule 61 motion. *State v. Lewis*, RIK03-05-0552-0556-01, Order (Del. Super. Ct. Sept. 28, 2007). Lewis appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on July 10, 2008, holding that all of the claims asserted in the Rule 61 motion lacked merit. *Lewis v. State*, 954 A.2d 910 (Table), 2008 WL 2691013, at *2 (Del. July 10, 2008).

Lewis filed the instant habeas petition in September 2008, asserting one claim that trial counsel provided ineffective assistance for failing to communicate the terms and conditions of a plea agreement offered by the State prior to trial. The State filed an answer, arguing that the petition should be dismissed as time-barred or, alternatively, for failing to satisfy the standards articulated in § 2254(d)(1). (D.I. 13)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Lewis' petition, dated September 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Lewis does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Lewis' conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Lewis' conviction and sentence on February 22, 2005,[1] and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Lewis' conviction became final for the purposes of § 2244(d)(1) on May 23, 2005.[2] *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Johnson had to file his § 2254 petition by May 23, 2006. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

---

[1]The State incorrectly asserts that the Delaware Supreme Court affirmed Lewis' conviction and sentence on February 22, 2004 (D.I. 12 at 4), perhaps because that is the date listed on Westlaw's version of the Delaware Supreme Court's decision. However, the certified copy of the Delaware Supreme Court's Order in the state court record is dated February 22, 2005, and the Superior Court Criminal Docket shows that the Delaware Supreme Court's Mandate was filed in the Superior Court on March 11, 2005. (D.I. 15)

[2]The relevant date for determining the start of the ninety (90) period for filing a petition for a writ of certiorari is the date on which the Delaware Supreme Court entered judgment, not the date on which it issued its Mandate. *See* Sup. Ct. R. 13(1),(3).

Lewis, however, did not file his habeas petition until September 22, 2008,[3] more than two full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Lewis' Rule 61 motion has no statutory tolling effect because it was filed on December 11, 2006, 261 days after the expiration of AEDPA's limitations period. Therefore, the petition is time-barred unless equitable tolling is available.

### C. Equitable Tolling

Although the one-year limitations period may be tolled for equitable reasons, a movant can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562. Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*

---

[3]The court adopts September 22, 2008 as the filing date because it is the date listed in Lewis' certificate of mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

*v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Id.; Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Lewis contends that he is entitled to equitable tolling because counsel promised she *would* file a petition for a writ of certiorari in the United States Supreme Court but failed to do so, and counsel also failed to notify him of AEDPA's one-year limitations period. This argument is unavailing. Counsel's performance cannot provide a basis for equitable tolling in this case because there is no constitutional right to representation by counsel for the purpose of pursuing discretionary appellate review or for pursuing a post-conviction remedy. *See Coleman v. Thompson,* 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551 (1987)(declining to extend the right to counsel beyond the first appeal of a criminal conviction); *Ross v. Moffitt*, 417 U.S. 600, 617 (1974). Additionally, even if Lewis somehow had a right to representation through the certiorari stage, it is well-settled that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling" in non-capital cases. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005).

Of course, Lewis attempts to circumvent the two preceding obstacles by arguing that counsel's "failures" constitute such malfeasance that equitable tolling is warranted under the framework established in *Seitzinger v. Reading Hosp. and Medical Center*, 165 F.3d 236 (3d Cir. 1999). This attempt is similarly unavailing. Pursuant to *Seitzinger*, equitable tolling may only be

warranted if a petitioner's attorney affirmatively misrepresents that he filed a complaint on petitioner's behalf, provided that the petitioner demonstrates extreme diligence in pursuing his claim and that the defendant will not be prejudiced. *Schlueter*, 384 F.3d at 76-7 (3d Cir. 2004)(citing *Seitzinger*, 165 F.3d at 242). Here, Lewis' allegations fail to bring his case within the *Seitzinger* paradigm, because he does not contend that counsel intentionally misinformed him about AEDPA's limitations period or that counsel affirmatively told him she *actually filed* a petition for a writ of certiorari. In turn, given the lack of affirmative misrepresentations by counsel, and given the absence of any obstacle indicated by the record, nothing prevented Lewis from discovering that counsel did not file a petition for a writ of certiorari or from learning about AEDPA's one-year limitations period on his own. *See LaCava*, 398 F.3d at 278. Consequently, Lewis has failed to demonstrate that he exercised the type of "extreme diligence" in pursuing his claims that is required by *Seitzinger*.

And finally, to the extent Lewis simply miscalculated AEDPA's filing deadline, it is well settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse a prompt and timely filing. *See Jones v. Morton,* 195 F.3d 153, 160 (3d Cir. 1999); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to Lewis on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[4]

---

[4]Having determined that the petition is time-barred, the court need not address the State's alternative reason for denying the petition.

## III. **CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Lewis' petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. **CONCLUSION**

For the reasons discussed, the court will deny Lewis' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)

An appropriate order will be entered.

7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD M. LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-620-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Edward Lewis' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C §

2254, is **DISMISSED**, and the relief requested therein is **DENIED**.  (D.I. 2)

2. The court declines to issue a certificate of appealability because Lewis has failed to

satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Sept 29 , 2011

_____
CHIEF, UNITED STATES DISTRICT JUDGE